IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16-cv-606-SRW |
| | ) | |
| JAMES EMMETT MOSS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, the United States of America (the "Government"), has brought this lawsuit against the defendant, James Emmett Moss, "individually and doing business as Flash Tax, Inc. and / or Instant Tax Montgomery, LLC," claiming that Moss knowingly prepared false income tax returns for customers in violation of 26 U.S.C. §§ 6694, 6695, and 6701. Doc. 1 at 1. The Government seeks an injunction that would bar Moss; Flash Tax, Inc.; Instant Tax Montgomery, LLC; and "any other person(s) acting in concert with [Moss]" from, among other things, "[p]reparing, filing, assisting in the filing or preparation of, federal tax returns, amended returns, or other tax-related documents, including any electronically-submitted tax returns or tax-related documents, for any entity or person other than himself, his spouse, his children, or his mother." *Id.* The court has jurisdiction of this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

This matter is before the court on the Government's motion for default judgment and entry of a permanent injunction, *see* Doc. 9, and Moss's motion "for Miscellaneous

Relief" – *i.e.*, to set aside the Clerk's entry of default, for a continuance, and to dismiss. *See* Doc. 11. The motions are fully briefed and have been taken under submission without oral argument. For the reasons discussed below, Moss's motion to set aside the Clerk's entry of default is due to be granted, the Government's motion for default judgment and entry of a permanent injunction is due to be denied without prejudice, and Moss's motion to dismiss is due to be denied. Moss's motion for a continuance will be denied as moot.

**The Party Defendants**

Prior to turning to the motions at bar, the court must address the status of the named defendants other than Moss. The Government makes claims and seeks a permanent injunction against Flash Tax, Inc. and Instant Tax Montgomery, LLC (collectively "the corporate defendants") and unnamed "person(s)," in addition to Moss. Doc. 1. However, as discussed below, the Government has not yet caused the corporate defendants to appear before the court, and the claims against unnamed "person(s)" are due to be dismissed.

   I.    **Flash Tax, Inc. and Instant Tax Montgomery, LLC**

The Government has not served the corporate defendants with summonses and copies of the complaint, and the time for doing so prescribed by Federal Rule of Civil Procedure 4(m) has expired. The Government may be operating under the mistaken belief that a summons issued for and served upon Moss is sufficient to satisfy Rule 4(m) with respect to the corporate defendants. *See* Doc. 6. However, according to the complaint, the corporate defendants are business entities and, therefore, they must be treated as separate defendants. In this case, the summons issued to Moss does not name the corporate defendants, and it is insufficient as a matter of law to serve as a summons as to the corporate

2

defendants. *See* Fed. R. Civ. P. 4(b) ("A summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served."); Fed. R. Civ. P. 4(h) (serving a summons on a corporation).

The Government brings claims against Emmett Moss "doing business as" Flash Tax, Inc. and Instant Tax Montgomery, LLC. Doc. 1 at 1. That is not an accurate description of the corporate defendants based on the allegations of the complaint and publicly available records. According to the complaint, Moss formed Flash Tax, Inc. as an Alabama corporation in 2004 and Instant Tax Montgomery, LLC as an Alabama "limited liability company" in 2008. *Id.* at 3. Publically available records maintained by the Alabama Secretary of State show that Flash Tax, Inc., is an existing entity, its registered agent is Emmett Moss, it was incorporated in 2004 by Karen Sena, and its address is 220 Ann Street, Montgomery, Alabama 36107. The Secretary of State's records indicate that Instant Tax Montgomery, LLC, is an existing entity, Emmett Moss is the registered agent, Delvin Abner is the sole member, and its address is identical to that for Flash Tax, Inc. In short, these corporate entities are independent of Emmett Moss, and they cannot be sued under Emmett Moss's name.

Thus, the Government will be directed to serve those entities in accordance with Rule 4. Failure to do so may result in the corporate defendants' dismissal from this action. In the event that the Government did not intend to name Flash Tax, Inc., and Instant Tax Montgomery, LLC, as party defendants, the Government must file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The parties are reminded that the corporate defendants cannot proceed *pro se* in this court. *See Larson v. Hester*, 2012 WL 6115078, at *1 (M.D. Ala. Nov. 19, 2012), *report and recommendation adopted*, 2012 WL 6111834 (M.D. Ala. Dec. 10, 2012) ("[I]t is well-established that a corporation may not appear *pro se* in this court[.]") (citing *Palazzo v. Gulf Oil Corporation*, 764 F.2d 1381 (11th Cir. 1985); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company*, 748 F.2d 602 (11th Cir. 1985)). Also, Moss cannot represent the corporate defendants' interests in this lawsuit. *See* M.D. Ala. L.R. 83.1(e) ("In all cases filed in, or removed to this Court, parties may be represented of record only by a member of the Bar of this Court or by an attorney [who is otherwise] permitted to appear" on a party's behalf.). This is in keeping with a long-established principle: "An individual in a federal court proceeding may represent himself or herself, but only a lawyer authorized to practice before the court may represent another person. This has been the law in the United States since at least the Supreme Court's decision in *Osborn v. Bank of the United States*, 22 U.S. 738, 9 Wheat. 738, 6 L.Ed. 204 (1824)." *In re Falck*, 513 B.R. 617, 620 (Bankr. S.D. Fla. 2014); *see also FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (a non-attorney cannot represent a party in a federal lawsuit).

II.     **Fictitious Defendants**

To the extent that the Government seeks a permanent injunction against unnamed "person(s)," the complaint brings claims against fictitious party defendants. Doc. 1 at 1. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit "created

a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992)). In this case, the Government's description of "any other person(s)" does not meet the criteria for the limited exception. Thus, all fictitious parties, to the extent that they are named as "any other person(s)" should be dismissed. *See id.* (the proper course is for a court to dismiss fictitious parties).

**Factual and Procedural Background**

On November 2, 2011, Moss was convicted on a federal indictment for criminal conspiracy in violation of 18 U.S.C. § 371 and aiding or assisting in the preparation of false documents under the Internal Revenue Laws in violation of 26 U.S.C. § 7206(2). *See United States v. Moss*, Case No. 2:11-cr-00026-MEF-SRW-1, at Doc. 154, Doc. 282. The presiding judge sentenced Moss to serve a term of confinement of 160 months. *See id.* at Doc. 282. Moss appealed his convictions and sentence to the United States Court of Appeals for the Eleventh Circuit. On December 11, 2013, the Eleventh Circuit affirmed the conviction and sentences. *See id.* at Doc. 343.

Moss filed a separate action and a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Moss v. United States of America*, Case No. 2:15-cv-00087-WKW-SRW. Judgment was entered against Moss on June 1, 2017, and the court denied his motion for leave to appeal *in forma pauperis* and for a certificate of appealability on August 8, 2017. *See id.* at Doc. 14, Doc. 18. That lawsuit is concluded.

As noted above, the Government filed this lawsuit to obtain a permanent injunction against the defendants. *See* Doc. 12 at 2. According to the Government, in a letter dated

5

December 3, 2012, Moss "agreed that he would stipulate" to such an injunction "if the appeal of his conviction was unsuccessful." *Id.* After the Eleventh Circuit affirmed Moss's conviction in 2013, the Government commenced this lawsuit on July 27, 2016. *See id.*; Doc. 1.

The Government mailed Moss a proposed "Stipulation for Permanent Injunction" and a letter that referenced Moss's December 3, 2012 correspondence. *Id.* Moss and an agent of the Government discussed the proposed injunction by telephone, and Moss reportedly expressed concern that the injunction would adversely impact his § 2255 petition. *See id.* On August 3, 2016, the Government sent Moss a revised proposed injunction in an attempt to address his concerns; however, he returned a signed copy of the proposed stipulated injunction and attached an "addendum." *See id.* at 2-3. The Government takes the position that Moss's addendum "nullified the stipulation as drafted." Doc. 12 at 3. Moss did not thereafter execute and return the proffered stipulation without the addendum. *See id.*

Moss was served with a summons and a copy of the complaint on August 25, 2016. *See* Doc. 4. His answer was due on September 15, 2016. *See id.* On September 20, 2016, the Government moved for a Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55 due to Moss's failure to answer or otherwise respond to the complaint. *See* Doc. 5. The Clerk entered default against Moss on October 27, 2016. *See* Doc. 6. On November 14, 2016, the court set a deadline for the Government to file a motion for default judgment. *See* Doc. 7.

On December 2, 2016, the Government filed a motion for default judgment. *See* Doc. 9. The same day, Moss filed a motion to set aside the entry of default, a motion to dismiss this lawsuit, and a motion to continue resolution of this matter during the pendency of his § 2255 petition. *See* Doc. 11. The Government filed a response to Moss's motions. *See* Doc. 12.

**The Government's Motion for Default Judgment against Moss and Moss's Motion to Set Aside the Clerk's Entry of Default**

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause." Good cause "is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).

> The Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor. *See, e.g., In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). For that reason, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief. *Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).[1]

*Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

The Government argues that there is not good cause to set aside the Clerk's entry of default, but it acknowledges that the case should be decided on its merits. *See* Doc. 12 at

---

[1] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit ... as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

3-4. Moss asserts that the Clerk's entry of default was improper and should be set aside because he "answered the summons denying all allegations in a timely fashion," and the Government "acknowledged receipt in a letter dated [September 22, 2016]." Doc. 11 at 1. The letter to which Moss refers is attached as an exhibit to Moss's motion to set aside the Clerk's entry of default. *See* Doc. 11 at 6. In that letter, the Government references a "page from a yellow legal pad" on which Moss denies "all counts in the plaintiff's pleading." *Id*. However, although Moss apparently wrote a letter to the Government denying all counts of the complaint, Moss did not file an answer or otherwise respond to the Government's complaint in this court as required by Federal Rule of Civil Procedure 12.

> In the Eleventh Circuit,
>
> The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov.1981) (*per curiam*) (citations omitted)). Moss's letter to the Government does not satisfy his obligations under Rule 12 to file a responsive pleading with the court. And, while a motion to dismiss filed pursuant to Rule 12(b)(6) such as that filed by Moss on December 2, 2016, ordinarily would satisfy a defendant's responsibility to respond to the complaint under Rule 12, Moss's motion to dismiss was not timely. *See* Fed. R. Civ. P. 12(a)(1)(A). Absent timely compliance with Rule 12, a

plaintiff is entitled to seek relief in the form of a clerk's entry of default under Rule 55. That is what occurred in this case.

That said, Moss clearly intends to deny the Government's allegations and to defend against this lawsuit. Moreover, the Government "recommends that default be set aside and Moss be given an opportunity to file a responsive pleading if he desires to do so." Doc. 12 at 5. The interests of justice are best served by allowing Moss to file a responsive pleading, and Moss has shown good cause to set aside the Clerk's entry of default.

Thus, Moss's motion to set aside the Clerk's entry of default is due to be granted. Furthermore, based on the Government's representation that Moss should be afforded a chance to file a responsive pleading, the Government's motion for default judgment is due to be denied as moot and without prejudice.

Moss will be given an opportunity to file a responsive pleading to the Government's complaint if his motion to dismiss is unsuccessful. Because of the pendency of Moss's Rule 12(b) motion to dismiss, if the court denies Moss's motion to dismiss, Moss is required to serve an answer to the Government's complaint "within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

### The Government's Motion for a Permanent Injunction

The Government's motion for entry of a permanent injunction against Moss cannot be granted prior to the entry of a final judgment in the Government's favor. *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) (("[T]o obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for

9

the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief."). Because the Government concedes that this case should proceed on its merits and a final judgment has not been entered against Moss, the motion for a permanent injunction is due to be denied without prejudice as premature.

## Moss's Motion for a Continuance

Moss requests that this court continue these proceedings until such time as his § 2255 petition is resolved. That petition is concluded. *See Moss*, Case No. 2:15-cv-00087-WKW-SRW. Thus, the motion for a continuance is moot.

## Moss's Motion to Dismiss

Moss argues that this lawsuit is due to be dismissed because it is outside of "[t]he statute of limitations." Doc. 11 at 2. Moss does not identify the statute of limitations to which he refers. "[T]he well-established rule [is] that an action on behalf of the United States in its governmental capacity ... is subject to no time limitation, in the absence of congressional enactment clearly imposing it, [and] … any statute of limitations sought to be applied against the United States must receive a strict construction in favor of the Government." *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997) (quoting *E.I. du Pont de Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924); *United States v. Alvarado*, 5 F.3d 1425, 1427-28 (11th Cir.1993)) (internal quotation marks omitted). Moss also argues that being required "to defend a lawsuit [this] old is unconstitutional." Doc. 11 at 2. Presumably, Moss is referring not to the age of the lawsuit itself, which was filed in 2016, but to his assertion that he has not filed a tax return since April 15, 2007 that was "called into question for fraudulent activity." *Id.*

Moss's motion to dismiss is properly construed as one brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 8(c) ("illegality" and "statute of limitations" are "affirmative defenses"); *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011) ("A party may raise an affirmative defense … in a Rule 12(b)(6) motion, where the existence of the defense can be judged on the face of the complaint.") (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) ("[A] party may raise [an affirmative] defense by [a Rule 12(b)(6)] motion rather than by answer where the defense's existence can be judged on the face of the complaint.")); *see also, e.g.*, *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.") (internal marks and citation omitted). A Rule 12(b)(6) motion is governed by certain time constraints. Here, the motion is brought out of time and, as a result, it is due to be denied. S*ee* Fed. R. Civ. P. 12(a)(1)(A)(i), 12(b) (a Rule 12(b)(6) motion must be filed prior to an answer and within the earlier of "21 days after being served with the summons and complaint"). Moss filed his motion long after the expiration of the 21-day deadline, and he did not secure leave of court to file a late Rule 12(b)(6) motion.

In the alternative, the court analyzes the motion on its merits to the extent that the motion lends itself to discussion as explained below. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wright & Miller § 1216, at 233–34 (quoting, in turn, *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

This court has attempted to discern what arguments Moss raises in his motion to dismiss. Moss uses the terms "statute of limitations" and "unconstitutional" without any context or citation to legal authority. The well-established maxim that "the onus is on the parties to formulate arguments" is rooted in precedent binding on this court, and absent coherent argument and supporting statutes or case law, Moss's arguments are too

undeveloped and devoid of support to compel a finding in his favor or even to trigger a meaningful review by the court. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations and internal quotation marks omitted). The court has liberally construed Moss's filings, as it must with any *pro se* litigant. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017) ("A document filed *pro se* is to be liberally construed, and … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted)). However, Moss's arguments lack the bare minimum of specificity for the court to make anything more than a guess at what he intends to argue. For that reason, the motion to dismiss is due to be denied.

To the extent that the court can discern any of Moss's arguments, a discussion of their merits follows.

As to Moss's argument regarding a statute of limitations, the United States brings this civil action in its governmental capacity. *See* Doc. 1. There is no relevant statute of limitations associated with the portions of the Internal Revenue Code under which the Government seeks a permanent injunction against the defendant. *See* 26 U.S.C. §§ 7402, 7407, and 7408. In response to Moss's argument that this lawsuit is barred by a statute of limitations, the Government directs the court's attention to 28 U.S.C. § 2462. *See* Doc. 12 at 6. "With few exceptions, 28 U.S.C. § 2462 bars the government from bringing suit to enforce 'any civil fine, penalty, or forfeiture' after five years from when the claim first accrued." *Sec. & Exch. Comm'n v. Graham*, 823 F.3d 1357, 1359 (11th Cir. 2016). Moss's

motion to dismiss possibly invites the court to determine when this action "accrued"; however, that exercise is unnecessary. However, in *Graham*, the Eleventh Circuit held that § 2462 does not apply to actions seeking injunctive relief. *Id.* at 1362. In the instant lawsuit, the Government seeks only injunctive relief. Thus, the five-year limitation of § 2462 is inapplicable. As a result, the controlling rule in this case is that there is no limitation on this action by the United States in its governmental capacity for injunctive relief. *See Banks*, 115 F.3d at 919.

As mentioned above, Moss has not developed his argument that this lawsuit is unconstitutional with a sufficient degree of specificity to put the matter properly before the court for consideration. *See Resolution Trust Corp*, 43 F.3d at 599. Just as "[t]he mere alleging of a violation of constitutional rights will not in and of itself give one access to the federal courts," *Kochhar v. Auburn Univ.*, 304 F. Supp. 565, 567 (M.D. Ala. 1969) (Johnson, J.), the assertion in a motion to dismiss that a plaintiff's lawsuit is "unconstitutional" is insufficient to require the court to engage in guesswork regarding what constitutional right Moss may seek to invoke and whether the right might provide the defendant with relief. However, to the extent that Moss is attempting to argue that the prosecution of a civil action after the expiration of a statute of limitations is also unconstitutional, that contention is both redundant and unavailing. A statute of limitations provides a sufficient safeguard against dilatory lawsuits such that a court need not analyze whether a lawsuit that violates a statute of limitations also infringes on a litigant's constitutional rights. *See, e.g., United States v. Marion*, 404 U.S. 307, 323 (1971) ("There is thus no need to press the Sixth Amendment into service to guard against the mere

14

possibility that pre-accusation delays will prejudice the defense in a criminal case since statutes of limitation already perform that function.").[2]

Moss's motion to dismiss is untimely, his arguments are not coherently developed or meritorious, and he has not demonstrated that the Government's lawsuit should be dismissed. Accordingly, his motion to dismiss is due to be denied.

**Order and Recommendation**

Accordingly, it is

ORDERED as follows:

---

[2] With respect to the similarities between criminal and civil statutes of limitations, the Supreme Court noted that:

> The Court has indicated that criminal statutes of limitation are to be liberally interpreted in favor of repose. *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929, 19 L.Ed.2d 1055 (1968). The policies behind civil statutes of limitation are in many ways similar. They 'represent a public policy about the privilege to litigate,' *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945), and their underlying rationale is 'to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory.' *Missouri, Kansas & Texas R. Co. v. Harriman*, 227 U.S. 657, 672, 33 S.Ct. 397, 401, 57 L.Ed. 690 (1913). Such statutes 'are founded upon the general experience of mankind that claims, which are valid, are not usually allowed to remain neglected,' *Riddlesbarger v. Hartford Insurance Co.*, 7 Wall. 386, 390, 19 L.Ed. 257 (1869), they 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared,' *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944), and they 'are primarily designed to assure fairness to defendants .... (C)ourts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.' *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). As in the criminal law area, such statutes represent a legislative judgment about the balance of equities in a situation involving the tardy assertion of otherwise valid rights: 'The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' *Order of Railroad Telegraphers v. Railway Express Agency, supra*, 321 U.S., at 349, 64 S.Ct., at 586.

*United States v. Marion*, 404 U.S. 307, 323 (1971).

1. Moss's motion for a continuance, *see* Doc. 11, is DENIED as moot; and

2. The Government shall serve a summons and a copy of the complaint upon defendants Flash Tax, Inc. and Instant Tax Montgomery, LLC, on or before [14 days from the date of the order and recommendation], 2017. Failure to do so may result in the dismissal of this lawsuit against those parties pursuant to Federal Rule of Civil Procedure 4(m). Alternatively, if the Government does not intend to pursue claims against Flash Tax, Inc. or Instant Tax Montgomery, LLC, the Government is directed to file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before October 5, 2017.

Furthermore, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Government's motion for default judgment, *see* Doc. 9, be DENIED as moot;

2. The Government's motion for a permanent injunction, *see* Doc. 9, be DENIED as premature;

3. Moss's motion to set aside the Clerk's entry of default, *see* Doc. 11, be GRANTED;

4. Moss's motion to dismiss, *see* Doc. 11, be DENIED; and

5. The fictitious parties named in the Government's complaint as "any other person(s)" be DISMISSED.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation on or before October 5, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's

Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 6th day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge